# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1419V
Filed: July 14, 2017
UNPUBLISHED

| | |
|---|---|
| CORINNA BAYE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Guillain-Barre Syndrome<br>(GBS) |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

      On October 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") caused-in-fact by the influenza vaccine she received on November 18, 2014. Petition at 1. Petitioner further alleges that she received the vaccination in the United States, suffered the effects of her injury for more than six months, and has not brought a civil action or received compensation for her injury, alleged as vaccine caused. Petition at ¶¶ 3, 17-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 14, 2017, respondent filed his Rule 4(c) Report stating that he "does not contest entitlement in this matter." Respondent's Rule 4(c) Report at 1. Specifically, he indicates that "[i]t is respondent's position that petitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." *Id.* at 3-4 (footnote omitted). Respondent adds that "[a]lthough the revised Table only governs petitions filed on or after the effective date of the final rule,[3] the evidence shows that petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table." *Id.* Respondent concludes that because petitioner would be entitled to a presumption of causation under the revised Table if he simply re-filed his petition, respondent "will not contest entitlement to compensation in this case." *Id.* (citation omitted).

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Originally, the effective date for the new rule was February 21, 2017. Revisions to the Vaccine Injury Table, 82 Fed. Reg. 6294 (Jan. 19, 2017) (to be codified at 42 C.F.R. pt. 100). This effective date was delayed until March 21, 2017. Delay of Revisions to the Vaccine Injury Table, 82 Fed. Reg. 11321 (Feb. 22, 2017) (to be codified at 42 C.F.R. pt. 100).